UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **BRIAN FRENCH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CURB SYSTEMS OF SW FL AND SARASOTA, LLC**, a Florida limited liability company,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:19-cv-265<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **BRIAN FRENCH** ("**FRENCH**"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) and Florida common law for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, and (3) breach of contract.

### PARTIES

2. The Plaintiff, **BRIAN FRENCH** ("**FRENCH**") is an individual and a resident of Florida who currently resides, and at all material times resided, in Lee County, Florida. In the preceding 12 months, **FRENCH** worked in excess of 1,250 hours and had been employed by **CURB** for greater than one year.

3. Defendant, **CURB SYSTEMS OF SW FL AND SARASOTA, LLC** ("**CURB**") is a Florida limited liability company with a principal place of business located in Lee County, Florida 32968 and which employed **FRENCH** at its location in Lee County, Florida.

1

4. At all material times, **CURB** employed greater than fifty (50) employees.

5. **CURB** is an employer under the FMLA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

9. **FRENCH** was hired by **CURB** on May 2001 and was employed full-time until his termination.

10. **FRENCH** has always performed his assigned duties in a professional manner and was very well qualified for his position.

11. **FRENCH** met all necessary performance standards and quantitative performance requirements during his employment with the **CURB**.

12. In November 2018, **FRENCH** was involved in a car accident while working for **CURB**, which resulted in the paralysis of the other party involved and which caused **FRENCH** a broken sternum for which he required emergency medical treatment.

13. Shortly thereafter, on November 8, 2018, **FRENCH** suffered a nervous breakdown as a result of substantial mental and emotional trauma associated with being involved in the

automobile accident that resulted in the paralysis of another person, despite the fact he was not at fault for the same. **FRENCH** required continuing treatment for the same by his physician and his physician advised he take medical leave from work, a fact he informed **CURB** of.

14. Despite informing **CURB** of the same, **CURB** refused to grant **FRENCH**'s request for medical leave.

15. On December 20, 2018, **FRENCH** again requested medical leave due to depression, anxiety and post-traumatic stress disorder.

16. But despite **FRENCH** qualifying for FMLA leave, **CURB** denied his request for medical leave, and instead informed **FRENCH** that his work duties would not allow him to take any time off.

17. **FRENCH** protested, but to no avail.

18. In early February 2019, **FRENCH** again suffered a nervous breakdown and again demanded medical leave but was denied the same by **CURB**.

19. **CURB** refused to provide **FRENCH** with any FMLA certification forms despite having more than sufficient notice that **FRENCH**'s request for medical leave was for a FMLA-qualifying reason.

20. Unbeknownst to **FRENCH**, **CURB** then devised a plan to terminate his employment, which it did on March 18, 2019, just weeks after he unsuccessfully requested FMLA leave for the third time.

21. **CURB** interfered with **FRENCH**'s right to leave under the FMLA and retaliated against him when he sought enforcement of that right.

22. **CURB** terminated **FRENCH** for no reason other than his FMLA leave.

23. **CURB**'s interfered with **FRENCH**'s FMLA rights was willful.

24. **CURB** also willfully retaliated against **FRENCH** because he engaged in statutorily protected conduct, to wit: the exercising of his right to take medical leave under the FMLA.

25. Additionally, **CURB** has breached the employment contract it entered into with **FRENCH** in several respects.

26. **CURB** has breached §6(C) of the employment contract by failing to provide **FRENCH** with the required 30-days notice of its decision to terminate the employment contract.

27. **CURB** has breached §6(D) of the employment contract by failing to pay **FRENCH** a severance of 75% of the 5% of **CURB**'s annual net earnings, the value of which severance payment is in excess of $300,000.00.

## COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")-INTERFERENCE

28. The Plaintiff hereby incorporates by reference Paragraphs 1-24 in this Count by reference as though fully set forth below.

29. **FRENCH** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since he began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **FRENCH** worked more than 1,250 hours in the preceding 12 months of employment with **CURB**.

30. **FRENCH** informed **CURB** of his need for leave due to his serious health conditions.

31. **CURB** was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

32. If **CURB** were to have decided that **FRENCH**'s expected absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

33. **CURB** has never provided **FRENCH** with any notice disqualifying his FMLA leave.

34. In fact, **CURB** determined that **FRENCH** was eligible for leave under the FMLA and yet terminated his employment because of his request for federally protected medical leave.

35. **FRENCH** engaged in activity protected by the **FMLA** when he requested leave due to his own serious health conditions, consistently informing **CURB** of the same.

36. **CURB** knew, or should have known, that **FRENCH** was exercising his rights under the FMLA and was aware of **FRENCH**'s need for FMLA-protected absence.

37. **FRENCH** complied with all of the notice and due diligence requirements of the FMLA.

38. **CURB** was obligated to provide **FRENCH**, an employee who requested FMLA leave, up to 12 weeks of unpaid leave and then reinstatement to his former position or an equivalent position with the same pay, benefits, and working conditions when he returns to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

39. **CURB** failed to grant leave and to return **FRENCH** to his former position or an equivalent position in violation of the FMLA.

40. A causal connection exists between **FRENCH**'s request for FMLA-protected leave, and his termination from employment with **CURB**.

41. **CURB** engaged in willful retaliation in violation of the FMLA by terminating **FRENCH**'s employment because he engaged in activity protected by the FMLA.

42. As a result of the above-described violations of FMLA, **FRENCH** has been damaged by **CURB** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

43. The Plaintiff hereby incorporates by reference Paragraphs 1-24 and 29-41 in this Count by reference as though fully set forth below.

44. **FRENCH** engaged in activity protected by the FMLA when he requested leave due to his own serious health condition, consistently informing **CURB** of the same.

45. **CURB** knew, or should have known, that **FRENCH** was exercising his rights under the FMLA and was aware of **FRENCH**'s need for FMLA-protected absence.

46. A causal connection exists between **FRENCH**'s request for FMLA-protected leave and his termination from employment with **CURB** because **FRENCH** engaged in statutorily protected activity by requesting FMLA leave.

47. **CURB** retaliated by altering the terms and conditions of **FRENCH**'s employment by terminating **FRENCH**'s employment because he engaged in the statutorily protected activity of requesting and taking FMLA leave.

48. **CURB** engaged in willful and intentional retaliation in violation of the FMLA by terminating **FRENCH**'s employment because he engaged in activity protected by the FMLA.

49. As a result of the above-described violations of FMLA, **FRENCH** has been damaged by **CURB** in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – BREACH OF CONTRACT

50. The Plaintiff realleges and incorporates Paragraphs 1-3, 7-11 and 25-27 in this Count by reference.

51. A contract existed between **FRENCH** and **CURB**.

52. Both **FRENCH** and **CURB** agreed to the terms contained in Exhibit A, which were clear and unambiguous.

53. **CURB** has breached the contract by refusing to pay **FRENCH** the sums due under the terms of the contract.

54. **FRENCH** has been damaged as a result of **CURB**'s breach of the contract.

55. This Count is timely brought and all conditions precedent have occurred or been waived.

56. **FRENCH** has retained undersigned counsel and agreed to pay a reasonable fee.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in an amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees under F.S. 448.08, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **BRIAN FRENCH**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 23, 2019

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak